UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-cv-314-KKC

IN RE:
GARY W. SLONE and MELINDA H. SLONE                               DEBTORS

AMERICAN HOME MORTGAGE SERVICING, INC.,               APPELLANTS,

v.                          **OPINION AND ORDER**

ANNA C. JOHNSON, Trustee for the Bankruptcy
Estate of Gary W. Slone and Melinda H. Slone,                           APPELLEE

\* \* \* \* \* \* \* \* \* \* \*

The Appellant American Home Mortgage Servicing, Inc. appeals from an order by the bankruptcy court denying American Home's motion for relief from a default judgment entered against it in an adversary proceeding in the bankruptcy court.

The primary issue in this case is whether the complaint in an adversary proceeding in bankruptcy court against a creditor must be served on the creditor at the address indicated on the creditor's Request for Service of Notice and Proof of Claim filed in the main bankruptcy action. Because service can be properly effected upon a defendant corporation in an adversary proceeding by mailing the complaint and summons to an officer of the corporation and because American Home has not argued that any exceptional or extraordinary circumstances exist in this case mandating that the bankruptcy court set aside the default judgment, this Court **AFFIRMS** the bankruptcy court's order.

      **I.**        **Facts.**

The debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. They own a home in Georgetown, Kentucky. They borrowed $119,000.00 from Option One Mortgage Corporation. In return, at least debtor Gary Slone granted Option One a mortgage on his interest in the property. The

underlying dispute in this action is whether Melinda Slone also granted Option One a mortgage on her interest in the property. Both debtors signed the note. However, the mortgage itself identifies only debtor Gary Slone as the mortgagor. Melinda Slone is not named as a debtor or mortgagor in the body of the mortgage. American Home services the Note and the Mortgage.

American Home filed a Request for Service of Notice in the main bankruptcy case in which it directed the debtors, trustee and all other interested parties to serve a copy of each notice of any proceeding, hearing and or report in the bankruptcy matter upon American Home at 4875 Belfort Road, Suite 130, Jacksonville, Florida 32256. American Home also filed a Proof of Claim in the main bankruptcy case in which it stated that notices should be sent to it at the Jacksonville, Florida address.

The Trustee for the Slone's bankruptcy estate filed an adversary proceeding against American Home arguing that the mortgage was defective as to Debtor Melinda Slone since she was not identified in the body of the mortgage. The Trustee sought to avoid the mortgage as to Melinda's half interest in the residence and asked the bankruptcy court to authorize her to sell the residence and distribute one-half of the proceeds to the debtor's unsecured creditors and one-half to American Home.

The Trustee's counsel filed an Affidavit of Service stating that, on November 25, 2009, by first class mail, postage prepaid, he mailed the Summons and the Complaint to the following address:

> American Home Mortgage Servicing, Inc.
> c/o David Friedman, President
> 4600 Regent Blvd., Suite 200
> Irving Texas, 75063

The Trustee also filed in the record a certified mail return receipt indicating that the trustee mailed the summons and complaint by certified mail to American Home's president at the Texas address. The return receipt is stamped that it was received by "American Home Mortgage, P.O. Box 631730."

2

American Home did not answer or otherwise respond to the Complaint. Accordingly, on December 22, 2009, the Trustee moved for default judgment against American Home, mailing American Home a copy of the motion again at the Texas address. The following day, the bankruptcy court granted the motion and entered judgment against American Home.

About six months later, American Home filed a motion to vacate the default judgment pursuant to Bankruptcy Rule 9024. That rule incorporates Federal Rule of Civil Procedure 60(b) which provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

It appears that American Home relied only on Rule 60(b)(4) and 60(b)(6) in its argument that the default judgment should be vacated. In its motion before the bankruptcy court, American Home quoted an older version of Rule 60(b) and only its subsections 4 and 6. [Bankruptcy Action 09-05248-jms, DE 14 at 4].

The bankruptcy court denied the motion, finding that American Home received actual notice of the complaint and summons "based on the certified mail return receipt filed in the record and on the failure of the defendant to set forth any evidence that [it] did not receive of copy of the complaint, summons, and order for trial." American Home then filed this appeal.

**II.     Standard.**

When a matter is appealed to the district court from the bankruptcy court, the district court "may affirm, modify or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

Generally, this court reviews a bankruptcy court's denial of relief under Rule 60 for abuse of discretion. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002); *In re HNRC Dissolution Co.*, 396 B.R. 461, 465 (B.A.P. 6th Cir. 2008). "An abuse of discretion occurs only when the trial court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard."*In re HNRC Dissolution Co.*, 396 B.R. at 465 (quotations and citation omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion."*Id*.(quotations and citations omitted).

When relief from a default judgment is sought under Rule 60(b)(4), however, this Court reviews the bankruptcy court's decision de novo. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). "This is because Rule 60(b)(4) authorizes relief from judgment where a judgment is void for lack of jurisdiction, and denying a motion to vacate a void judgment is a per se abuse of discretion." *Id*.

Where Rule 60(b) is invoked to set aside a default judgment, the defendant must establish that one of the specific requirements of the rule is met. *Thompson v. American Home Assur. Co.*, 95 F.3d

429, 433 (6th Cir. 1996). The defendant must also satisfy the three equitable factors required for Rule 55 relief: (1) whether the entry of default was the result of willful or culpable conduct; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised following the entry of default are meritorious. *Id*; *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010).

As it did before the bankruptcy court, in its brief before this Court, American Home quotes an old version of Rule 60 and only subsections 4 and 6 of that rule. [DE 5 at 2-3]. Accordingly, the Court has reviewed the bankruptcy court's order to determine if it appropriately denied relief under only Rules 60(b)(4) and 60(b)(6).

**III.     Analysis.**

**A.     60(b)(4).**

American Home argues that the default judgment is void because it was not properly served with a copy of the complaint. If a defendant is not properly served with a copy of the complaint against it, any default judgment entered against the defendant is void as a matter of law. *LJS Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Bankruptcy Rule 7004 governs services of process in adversary proceedings. It permits service by first class mail upon a corporation by mailing a copy of the summons and complaint to the attention of an officer or any other agent authorized by appointment or by law to receive service of process. Fed. R. Bankr. P. 7004(b)(3). American Home argues that this is the rule that governs service of process upon it in the adversary proceeding. [DE 5 at 6]. Rule 7004 also has a specific provision governing service of process on an insured depository institution. Fed. R. Bankr. P. 7004(h). However, neither party argues that rule is applicable to this action.

American Home argues that, through the Request for Notices and Proof of Claim filed in the main bankruptcy action, it appointed American Home Mortgaging Servicing, Inc. at the Jacksonville address to receive service of process.

This may well be true. However, Rule 7004 provides that service may be effected by mailing the summons and complaint to the attention of an officer *or* any other agent authorized by appointment or by law to receive services of process. Fed. R. Bankr. P. 7004(b)(3). The Trustee's counsel filed an Affidavit of Service in the adversary proceeding stating that, on November 25, 2009, by first class mail, postage prepaid, he mailed the Summons and the Complaint to American Home Mortgage Servicing, Inc., c/o David Friedman, President, at the Texas address.

Some time after American Home's Rule 60 motion was filed, the Trustee's counsel also filed in the record a certified mail return receipt indicating he mailed the summons and complaint by certified mail to the Texas address. The return receipt is stamped received by "American Home Mortgage, P.O. Box 631730."

In its motion to vacate before the bankruptcy court, American Home did not ever argue or put forth any evidence that the Trustee did not actually mail the summons and complaint to American Home's president at the Texas address. Nor did American Home put forth any such evidence or argument in its opening brief before this Court. Instead, before the bankruptcy court and in its opening brief in this Court, American Home argued that service was improper because it was not made on American Home's Jacksonville, Florida address.

In its reply brief, American Home never affirmatively states that the complaint and summons were not actually served on its president at the Texas address, but it does argue that the certified mail receipt filed in the bankruptcy record by American Home is not proof of service because it is unsigned

6

and indicates that the summons and complaint were delivered to a P.O. Box instead of to American Home's president. [DE 7, Reply Brief at 2].

This court will not address the newly raised issue of whether the Trustee actually mailed the summons and complaint to American Home's president at the Texas address but will instead follow the long-standing general rule that an appellate court should not address issues not raised before the lower court. *In re Harshbarger*, 66 F.3d 775, 777 n.3 (6th Cir. 1995).

Further, the Trustee's counsel filed an affidavit of service in the record stating that the complaint and summons were mailed to American Home's president at the Texas address. Other courts have determined that a counsel's affidavit of service constitutes prima facie evidence of proper service. *In re Radnor Holdings* Corp., Bankruptcy No. 06-10894, Adversary No. 08-51184, 2009 WL 64608 at *1 (Bankr. D. Del. 2009); *In re Brackett*, 243 B.R. 910, 914 (Bankr. N.D.Ga. 2000)(citing *Howard Johnson Int'l, Inc. v. Wang*, 7 F.Supp.2d 336, 339 (S.D.N.Y.1998); *Fed. Deposit Ins. Corp. v. Brenesell (In re Brenesell*), 109 B.R. 412, 418 (Bankr.D.Haw.1989). American Home has presented no evidence to rebut that presumption.

The Trustee properly served American Home by mailing the complaint and summons to American Home's president. Thus, the bankruptcy court did have personal jurisdiction over American Home and did not err in denying American Home's motion to set aside the judgment on the basis that it was void.

    **B.**    **60(b)(6).**

As to Rule 60(b)(6), the rule appears to provide a court wide latitude in altering a judgment, stating that the court may grant relief from a final judgment for "any...reason that justifies relief." But the Sixth Circuit has held that the rule "applies only in exceptional or extraordinary circumstances.

7

. . ." *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001) (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Id*. (quotations and citation omitted). American Home has not even argued that any exceptional or extraordinary circumstances exist in this matter that mandate that the bankruptcy court grant it relief from the default judgment. Accordingly, the bankruptcy court did not abuse its discretion in denying American Home's motion to set aside the default judgment under Rule 60(b)(6).

**C.     Conclusion.**

Because American Home has not met the specific requirements of Rule 60(b)(4) or 60(b)(6), the bankruptcy court's order denying American Home's motion for relief under Rule 60 of the Federal Rules of Civil Procedure is **AFFIRMED**.

Dated this 25th day of May, 2011.

Signed By:
*Karen K. Caldwell*
United States District Judge